IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN ROLLER COMPANY, LLC,  )
                               )
        Plaintiff,             )
                               )
    vs.                        )   No. 05 C 3014
                               )
FOSTER ADAMS LEASING, LLP;     )
FOSTER ADAMS LLP; RUSSELL M.   )
FOSTER; and LARRY H. ADAMS,    )
                               )
        Defendants.            )

## MEMORANDUM OPINION AND ORDER

American Roller Company, LLC, A Delaware limited liability company with its principal place of business in Wisconsin (American Roller), sues Foster-Adams Leasing LLP (F-A), Foster-Adams LLP (FALLP), Russell M. Foster and Larry H. Adams. F-A and FALLP are South Carolina limited partnerships. Mr. Foster and Mr. Adams are both citizens and residents of North Carolina. The complaint seeks a declaratory judgment and damages. The claims arise under a Purchase Agreement among the parties dated October 2, 2003, and also under two Amended and Restated Subordinated Seller Notes issued in connection with the Purchase Agreement (Amended Notes). Before the court are the defendants' motion for a transfer of venue to the District of South Carolina, made pursuant to 28 U.S.C. § 1404, and the plaintiff's motion for sanctions made pursuant to Rule 11, Fed. R. Civ. P. I deny the motion to transfer and grant in part the motion for sanctions.

## I. The Transaction

A summary of the terms of the underlying transaction is necessary to put the issues raised by the motions in focus.

Champion Roller, Inc., a South Carolina corporation (the Company), is a non-party to this action. All the stock in the Company was formerly owned by Foster and Adams individually. F-A and FALLP were in the business of leasing machinery and equipment to the Company and were owned by Foster and Adams. The Company was a party to the Purchase Agreement. Its sole business was manufacturing and resurfacing rollers for use in, *inter alia*, the metals, converting and paper industries. Under the Purchase Agreement, Foster and Adams agreed to sell to American Roller all of the assets of the Company together with 49% of the stock in the Company, and the Company agreed to purchase the remaining 51% of its stock from Foster and Adams. In connection with the Company's stock purchase it authorized the amendment and restatement of the Amended Notes, one to Foster and the other to Adams.

The Amended Notes are amended and restated versions of Promissory Notes previously issued to Foster and Adams in connection with a proposed sale of their shares in the Company to the Company. The Purchase Agreement contains representations and warranties of Foster and Adams to American Roller with respect to the assets and business of the Company, and a provision requiring Foster and Adams to indemnify the Company. The Amended Notes

2

contain a setoff provision permitting the Company to offset against any payments otherwise due under the Amended Notes, amounts to which the Company is entitled under the indemnification provisions of the Purchase Agreement.

## II. The Disputes Between The Parties

The first amended complaint alleges the following facts: The defendants' representations and warranties concerning the assets purchased under the Purchase Agreement were untrue, inaccurate, incomplete and misleading. These inaccuracies and omissions have required American Roller to make unexpected capital expenditures. American Roller has had to pay environmental cleanup costs in connection with the Company's Atlanta, Georgia facility, a liability which, in breach of the defendants' representations and warranties, was not disclosed by the defendants. There were also undisclosed product claims against the Company which have cost American Roller thousands of dollars in repair and replacement costs. Defendants made inaccurate and misleading representations and warranties and failed to disclose material facts concerning the likelihood of customers stopping or reducing purchases from the company and outstanding tax liabilities, which reduce the value of the Company by at least $4.5 million dollars. Under the Purchase Agreement there is also owing to American Roller $40,000.00 for certain aged inventory items. American Roller seeks declaratory relief under the indemnification provisions of the Purchase

3

Agreement, damages for breach of contract, unspecified damages for fraud in the inducement of the Purchase Agreement, and recovery under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

The defendants have filed an answer and affirmative defenses, in which they deny that they are in breach or otherwise liable to the plaintiffs, and a counterclaim in which they seek to recover on the Amended Notes, which they claim are in default.

### III. Motion for Transfer
#### Governing Law and Forum Selection Clauses

Paragraph 10 (I) of the Purchase Agreement states

(I) <u>Construction.</u>
This Agreement shall be construed and enforced with, and all questions concerning the construction, validity, interpretation and performance of this Agreement shall be governed by, the laws of the State of Illinois without giving effect to provisions thereof regarding conflict of laws.
Paragraph 10(Q) of the Purchase Agreement states
**(Q) EACH OF THE PARTIES HERETO HEREBY CONSENT TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE COUNTY OF COOK, STATE OF ILLINOIS OR THE COUNTY OF YORK, STATE OF SOUTH CAROLINA AND IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THE AGREEMENT OR THE OTHER TRANSACTION DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. EACH OF THE PARTIES HERETO ACCEPTS FOR ITSELF AND IN CONNECTION WITH ITS PROPERTIES, GENERALLY AND UNCONDITIONALLY, THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE AGREEMENT.**

Each of the Amended Notes states in paragraph 7 thereof

**7. <u>Governing Law.</u> THE VALIDITY, INTERPRETATION AND ENFORCEMENT OF THIS NOTE AND ANY DISPUTE ARISING OUT OF**

4

**OR IN CONNECTION WITH THIS SUBORDINATED NOTE, WHETHER SOUNDING IN CONTRACT, TORT, EQUITY OR OTHERWISE, SHALL BE GOVERNED BY THE INTERNAL LAWS (AS OPPOSED TO THE CONFLICT OF LAWS PROVISIONS) AND DECISIONS OF THE STATE OF ILLINOIS.**
**ALL DISPUTES ARISING UNDER OR IN CONNECTION WITH THIS NOTE, WHETHER SOUNDING IN CONTRACT, TORT, EQUITY OR OTHERWISE, SHALL BE RESOLVED ONLY BY STATE AND FEDERAL COURTS LOCATED IN THE COUNTY OF COOK, STATE OF ILLINOIS, AND THE COURTS TO WHICH AN APPEAL THEREFROM MAY BE TAKEN.**

Although the language employed varies slightly, the Purchase Agreement and the Amended Notes agree that Illinois law shall govern the construction and enforcement of the respective documents, and that Illinois law shall be applied without regard to rules concerning the conflict of laws. The choice of forum provisions differ in that under the one expressed in the Purchase Agreement, the forum for resolution of disputes may be either in Cook County, Illinois or York County, South Carolina, while under the Amended Notes the forum may only be in Cook County.

IV. Discussion

1. The Motion to Transfer.

Title 28 U.S.C. § 1404(a) provides

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

I turn first to a threshold question involving the effect of the forum selection clauses. The plaintiff, citing two Seventh Circuit decisions, *Northwestern National Ins. Co. v. Donavan*, 916 F.2d 372, 378 (7th Cir. 1990) and *Heller Financial Co., Inc. v.*

5

*Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989), argues that the defendants, by signing the Purchase Agreement, have waived their rights to seek a transfer of venue under section 1404. In *Northwestern, supra*, the plaintiff insurance company, based in Milwaukee, Wisconsin, issued a financial obligation bond guaranteeing the payment of promissory notes issued by partnerships in which the defendants, all residents of Texas, were limited partners. The limited partners (defendants in the action) had agreed personally to indemnify Northwestern in the event it was called upon to honor the financial obligation bond. The written indemnification agreement between Northwestern and the four limited partners contained a forum selection clause which permitted suit for indemnity to be brought by Northwestern in Milwaukee. When it did so, the defendants moved to dismiss on grounds of forum nonconveniens. The district court refused to enforce the forum selection clause and dismissed the action. The Seventh Circuit, citing *Heller, supra,* held that the forum selection clause was enforceable and that by signing it, the defendants had waived their right to move for a transfer of venue based on their own inconvenience. *Northwestern*, 916 F.2d at 378. It added, however, that if there was inconvenience to some third party or to the judicial system itself, either party could move for a change of venue. *Id.*

Defendants argue that the forum selection clause in *Northwestern* was exclusive, while the one in the Purchase Agreement is not. That distinction does not make a difference. The fact that Company could have chosen to litigate its contract claims in the district of South Carolina is irrelevant. It did not so choose, and under binding precedent, the defendants have waived consideration of their personal convenience. Defendants also argue at length that there is a fundamental difference between the common law doctrine of forum nonconveniens and motions made pursuant to 28 U.S.C. § 1404. The draftsmen who revised the section did not think that was the case. See Historical and Statutory Notes to § 1404 ("Subsection (a) was drafted in accordance with the doctrine of forum non conveniens . . .").

I now turn to the question of whether the present defendants have made a sufficient showing of the need for a change of venue on criteria generally applicable to motions for transfer of venue. This court may transfer venue to another district court for reasons of convenience when it is "in the interest of justice." 28 U.S.C. §1404(a). The moving party must show that (1) venue is proper in this district, (2) venue is proper in the transferee district, and (3) the transferee district is more convenient for both the parties and witnesses and serves the interest of justice. *College Craft Co., Inc. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). In determining whether a forum is more convenient, I consider both the

7

private interest of the parties and the public interest of the court. The factors to be evaluated in determining the private interests of the parties include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Id*. The factors to be evaluated in assessing the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id*. at 1056. In order to transfer a case, the balance of the factors must weigh heavily in favor of the moving party and not merely shift the inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

a. <u>The plaintiff's choice of forum</u>. This action was filed in Illinois pursuant to valid and enforceable forum selection clauses. The defendants' argument that the choice to file in Illinois was "based on nothing more than a desire to inconvenience the Defendants" is incorrect. One of the purposes of this action was to establish the Company's right to setoff its indemnification claims against the payments otherwise due under the Amended Notes. As shown above those notes require the Company to litigate such issues in Illinois. Amended Notes, ¶ 7. The Company was contractually obligated *not* to seek such relief anywhere else. Moreover, both the Purchase Agreement and the Amended Notes state that construction and enforcement of those documents as well as

8

claims relating to them are to be governed by Illinois law, thus making this district an appropriate forum, since it may be assumed that Illinois judges will be better acquainted with Illinois law than their counterparts in South Carolina. *See Newell Co. v. Lee*, 950 F. Supp. 864, 870 (N.D.Ill. 1997). Clearly, the plaintiff's choice of forum is entitled to considerable weight in the case at bar, where it is in accord with contractual commitments of the parties and the defendants have waived the right to argue personal inconvenience.

b. The situs of material events. Defendants argue that all events material and relevant to the issues took place in South Carolina. The Company disputes this contention and has filed the affidavit of Charles J. Tasch, who avers that: he is the CEO of the Company; he participated from Illinois in much of the negotiations that led to the execution of the Purchase Agreement and the Amended Notes; he was at the time of the negotiations and remains a resident of Illinois; Michael S. Felvey, Chairman of the Board of the Company, is also a citizen of Illinois; Mr. Felvey played a leading role in the negotiations and participated in them almost exclusively from Illinois; the underlying transactions were closed in Illinois; and the Managing Member of the parent of the Company is an Illinois limited liability company which, through its principals, participated heavily in the negotiations, and executed, from Illinois, the guaranty of the Amended Notes.

While the claimed acts and omissions of the defendants that gave rise to this case may have transpired in South Carolina, the persons they allegedly sought to deceive were located in Illinois. I find that at best, from the defendants' perspective, they have only succeeded in alleging a standoff on the claimed situs of events. Thus, this factor does not weigh in favor of defendants.

c. Convenience of the Parties. This is not an issue on the present motion, since, as shown above, the defendants waived any claim of personal inconvenience by executing and/or accepting the basic documents.

d. Convenience of the Witnesses. The defendants name only one non-party witness who may be called to testify at trial and who is a resident of South Carolina, the Company's former sales manager. But they fail to state the substance of his anticipated testimony. Mr. Tasch's affidavit establishes that: the Company's principal place of business is in Union, Wisconsin, which is within 75 miles of Chicago; of four identified Company employees who are likely to testify at trial, one besides Mr. Tasch resides in Illinois, and the other three reside just over the Illinois-Wisconsin border, and all are prepared to give testimony on issues relevant to the Company's claims; and virtually all documents in the possession of the Company relating to the issues are located in either Union Grove or Chicago.

Overall, the defendants have failed to meet their burden of showing that the inconvenience to these non-party witnesses support the motion to transfer. *See* CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851, 3d ed. 1998) ("If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied."); *General Portland Cement Co. v. Perry*, 204 F.2d 316 (7th Cir. 1953)("The party seeking the transfer of a case must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."). Granting a transfer would merely shift the inconvenience and expense of securing live witness testimony to the plaintiff. This factor weighs in favor of denying transfer.

e. Interests of Justice. The defendants argue that the interests of justice support transfer because South Carolina law will be applied to tort issues. The contention is without merit. The defendants have stipulated by contract that *all* issues will be resolved under Illinois law, and they are estopped from arguing to the contrary. Moreover, where, as here, claims are to be decided under Illinois law, it makes more sense for the case to be litigated where judges are more conversant with the relevant state statutes and opinions. *Newell Co. v. Lee*, 950 F. Supp. 864, 870 (N.D. Ill. 1997)(denying motion to transfer)("The [contract] specifies that it is governed by Illinois law, and this district is

11

more familiar with Illinois law than a federal or state court in [another state]").

The defendants also attempt to show that the district court in South Carolina court has a less congested docket than this court. Their evidence for this assertion is not conclusive, but even if one assumes that they are correct in their statement that the calendar lag is six months shorter in the transferee court, it does not counterbalance all of the other factors that favor retention of the case in this court. *See International Molding Machine Company v. St. Louis Conveyor Co.*, No. 01 C 8305, 2002 WL 1838130 N.D. Ill., August 12, 2002) at *7.

Overall, the balance of factors in this case weighs in favor of retaining this case in the Northern District of Illinois. Accordingly, defendant's motion to transfer is denied.

## V. Motion For Sanctions

The Company seeks to have the court impose sanctions on the defendants and order them to pay the Company's fees and costs incurred in connection with the motion to transfer. The Company argues that in pursuing the motion for transfer, defendants violated their obligations under Rule 11, Fed. R. Civ. P, in four ways, each of which merits the imposition of sanctions. The alleged violations are as follows:

1. The motion to transfer relies heavily on the defendants' own inconvenience in litigating in Illinois, despite the fact that

12

the defendants had contractually obligated themselves to litigate in that forum. This shows that the motion was brought in bad faith. The Company cites *Northwestern National Ins. Co. v. Donavan*, 916 F.2d 372, 378 (7th Cir. 1991)("[O]ne who has agreed to be sued in the forum selected by the plaintiff has thereby agreed not to seek to retract his agreement by asking for a change of venue on the basis of costs or inconvenience to himself; such an effort would violate the duty of good faith that modern law reads into contractual undertakings."). The issue of sanctions was not before the court in *Northwestern* and that opinion clearly recognizes the right of a contracting party, even in the face of such a waiver, to move for transfer of venue under section 1404, so long as he does not base his motion solely on personal inconvenience. *Id.* The defendants' motion was largely, but not entirely, based on personal inconvenience.

2. The defendants failed to use reasonable care in making pre-pleading inquiries into fact and law, since it appears that they did not even read the Purchase Agreement or the Amended Notes before arguing that none of the relevant events took place in the Northern District of Illinois;[1] and by arguing that "South Carolina law governs the bulk of the Plaintiff's claims" without citing or acknowledging the governing law provisions of the underlying

---

[1] The Purchase Agreement recites that the closing took place in Illinois.

13

document. In *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 280 (7th Cir. 1989), the court affirmed the district court's imposition of sanctions and held

> Rule 11 requires at a minimum that a party read the document whose terms it is contesting and school itself in principles of law that directly apply to the arguments at hand.

Since both underlying documents unequivocally state that Illinois law shall govern all claims arising out of them, defendants' argument that the claims raised in the amended complaint require application of South Carolina law is frivolous and unreasonable.

3. The defendants' failure to cite governing Seventh Circuit cases is sanctionable in and of itself. Here the Company cites *Matter of Central Ice Cream*, 836 F.2d 1068, 1073 (7th Cir. 1987) ("Parties who want to distinguish or alter existing law must acknowledge its force; they may not pretend that the law favors their view and impose on the court or their adversaries the burden of legal research to uncover the rule."). This argument is also well-taken.

4. The defendants' argument that "there is an absolute lack of connection between the state of Illinois and this case" is false. I agree that this argument offered by defendants lacks any evidentiary basis. See *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (7th Cir. 1996)("[T]he 1993 version of [Rule 11] allows the imposition of sanctions upon a finding that a factual allegation

had no evidentiary support, unless there was a specific disclaimer that additional investigation is necessary.").

Rule 11 grants me the power to assess sanctions for the type of conduct described above, and the case law grants me discretion in determining the appropriate sanction. *Kapco Mfg. Co. v. C& O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989)("The decision of what constitutes an appropriate sanction rests within the sound discretion of the district court.).

The briefing on these motions and their consideration by the court required substantial time that need not have been spent had the defendants' counsel met their Rule 11 obligations. As a sanction for their failure to meet those requirements, counsel for the defendants are hereby ordered to pay the plaintiff the sum of $5,000.00.

**ENTER ORDER:**

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: March 6, 2006