# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN ROLLER COMPANY, LLC, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) Case No. 05 C 3014 |
| v. | ) |
| | ) Magistrate Judge Nan R. Nolan |
| FOSTER-ADAMS LEASING, LLP; FOSTER-ADAMS LLP; RUSSELL M. FOSTER; and LARRY H. ADAMS | ) |
| | ) |
| Defendants/Counter-Plaintiffs. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Roller Company, LLC ("American Roller") seeks a protective order barring discovery related to the transaction and settlement involving Pillar Industries and CM Acquisitions. For the reasons stated, American Roller's motion [57-1] is granted.

## BACKGROUND

This case arises out of a Purchase Agreement and Amended and Restated Subordinated Seller Notes ("Amended Notes") between American Roller and Defendants Russell M. Foster, Larry H. Adams, Foster-Adams Leasing, LLP, and Foster-Adams LLP ("Defendants") entered into on October 2, 2003. Pursuant to the Purchase Agreement and Amended Notes, American Roller purchased from Defendants the stock and assets of Champion Roller, LLC ("Champion"), a company in the business of manufacturing and resurfacing roller for, among other things, the metal, converting and paper industries. American Roller alleges that Defendants made certain misrepresentations and breached certain warranties in the Purchase Agreement. Defendants deny any wrongdoing and have counterclaimed to recover payments allegedly due and owing under the Amended Notes.

Defendants seek discovery regarding a transaction, dispute, and settlement involving CM Acquisitions ("CM") and Pillar Industries, two non-parties to this case. CM is a private equity firm in the business of acquiring mid-market businesses. CM is one of approximately 35 investors in a company that owns American Roller. One of the two principals of CM, Charles J. Tasch, is also the President and Chief Executive Officer of American Roller. The Amended Notes were guaranteed by CM.

Pillar Industries is a manufacturer of heat induction and melting equipment. CM participated in the negotiation of, but was not a party to, a contract for the purchase of Pillar Industries by an entity called Pillar Induction Company, LLC ("Pillar Induction"). CM is one of many investors in Pillar Induction. CM and other investors acquired Pillar Induction in December 2002. Defendants claim that Charles Tasch "is the man behind the curtain at both CM Acquisitions and American Roller, and was behind both the transaction at issue in this case, and the transaction involving Pillar." Defs' Opp. at 6.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal civil cases. Rule 26(b)(1) allows parties to discover information "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Upon a showing of good cause, a court may order discovery of "any matter relevant to the subject matter involved in the action." Moreover, Rule 26(c) authorizes a court "for good cause shown" to issue a protective order barring or limiting discovery when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

Defendants have indicated their intent to depose Mark Skiba, previously president of Pillar Industries, and also to seek documents related to Pillar Industries as part of the depositions of American Roller's witnesses. American Roller suspects that Defendants hope that, because a dispute arose and was settled after the Pillar Industries transaction, Mr. Skiba's testimony will raise an inference that American Roller planned all along to initiate litigation after the execution of the Purchase Agreement.

American Roller argues that evidence of the transaction and settlement between CM and Pillar Industries has no relevance to this case. Champion, American Roller, and Defendants had no involvement in the Pillar Industries transaction. Neither Mr. Skiba nor Pillar Industries had any involvement in the negotiation and execution of the Purchase Agreement and Amended Notes. American Roller points out that Mr. Skiba has never been an employee or customer of Champion or American Roller, and Pillar Industries is not in the same line of business as Champion or American Roller. American Roller further explains that the only connection between Pillar Industries and this case is that: 1) CM is one of approximately 35 investors in an entity that owns American Roller; 2) CM is also one of many investors in an entity (Pillar Induction Company, LLC) that acquired Pillar Industries in December 2002; and 3) CM participated in the negotiations both in American Roller's acquisition of Champion and in the Pillar Industries transaction. American Roller concedes that evidence of other negotiations involving American Roller in which CM participated are discoverable, and Defendants have taken discovery on three collateral deals in which both CM and American Roller were involved.

Defendants respond that "Mr. Skiba may have discoverable information relating to Plaintiff's business practices, and the intent, plan and motivation behind the assertion of Plaintiff's claims in

this action." Defs' Supp. Rule 26(a)(1) Disclosure. Defendants believe that CM asserted similar claims against Pillar Induction with respect to representations made in the sale of Pillar Induction and that the claims asserted resulted in a settlement involving the renegotiation of outstanding amounts owed to Pillar on the deal. Defendants believe the current litigation was instituted in bad faith and they seek to discover whether the executives of American Roller have "previously engaged in a pattern and practice of acquiring companies and subsequently, under similar circumstances, threatening or instituting litigation to renegotiate the deal." Defs' Opp. at 4. Defendants conclude that such evidence is relevant and could conceivably lead to the assertion of additional claims against American Roller.

American Roller has demonstrated good cause for barring discovery related to the CM and Pillar Industries transaction on relevancy grounds.[1] Even if discovery related to the actions of CM in the Pillar transaction would shed light on American Roller's "business practices" or its "intent, plan and motivation behind the assertion of [its] claims in this action," Defendants fail to explain how the business practices of American Roller and its plan, intent and motive for the assertion of its claims are relevant to the "claim or defense of any party." American Roller's claim is that

---

[1] American Roller argues, among other things, that evidence of the transaction and subsequent settlement involving CM and Pillar Industries would not be admissible under Federal Rule of Evidence 408 even if it did have some relevance. Besides the fact that Rule 408 governs the admissibility of evidence at trial and not discovery and the trial court "has broad discretion to admit settlement evidence for a purpose other than proving liability," it is not clear that Rule 408 would bar this evidence. Rule 408 does not bar evidence regarding settlement of a claim different from the one litigated. See Zurich American Ins. Co. v. Watts Indust., Inc., 417 F.3d 682, 689 (7th Cir. 2005) (stating "[i]n deciding whether Rule 408 should be applied to exclude evidence, courts must consider the spirit and purpose of the rule and decide whether the need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations. The balance is especially likely to tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered."). The Pillar Industries settlement does not involve the dispute that is the subject of this suit.

Defendants breached certain representations and warranties in the Purchase Agreement. Defendants claim American Roller breached the Amended Notes. It is not apparent how American Roller's alleged plan to initiate litigation after the execution of the Purchase Agreement is at all relevant to a determination as to whether a breach of the Purchase Agreement or Amended Notes occurred. Defendants cite no authority for the position that American Roller's motive in asserting a breach of contract claim is relevant to the existence of a breach or any defense thereto. Defendants have not indicated that any language in the Purchase Agreement and Amended Notes arguably makes American Roller's motive an issue. In addition, no showing of good cause as required by Rule 26(b)(1) has been made to expand the scope of discovery to the broader "subject matter" standard. Even if a showing of good cause had been made, the broader "subject matter" standard would not seem to accommodate Defendants' discovery request. "Subject matter" would have to be construed as encompassing any transaction involving CM and its principals rather than facts relevant to the particular agreement in dispute. This appears to be too broad a construction upon which to base discovery.

Moreover, Defendants' attempt to discover evidence regarding the CM and Pillar Industries transaction for unasserted claims is improper. This Court "has the authority to confine discovery to the claims and defenses asserted in the pleadings." Advisory Committee Notes to 2000 Amendment to Rule 26(b)(1). This Court respectfully disagrees with the statements in Murata Mfg. Co., Ltd. v. Bel Fuse Inc., 2006 WL 687172, at *8 (N.D. Ill. March 14, 2006) that "discovery is not even limited to issues raised by the pleadings, because discovery itself is designed to help define and clarify what the issues are. Nor is discovery limited to the merits of the case." Murata relies on authority that significantly predates the 2000 amendment to Rule 26(b)(1). See Oppenheimer Fund,

Inc. v. Sanders, 437 U.S. 340, 351 (1978). Under Rule 26(b)(1) at that time, parties were entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The Supreme Court interpreted the phrase "relevant to the subject matter involved in the pending action" broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id. The 2000 Amendment explicitly limited the scope of discovery to the "claim or defense of any party" identified in the pleadings without leave of court. The 2000 amendment to Rule 26(b)(1) "signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Advisory Committee Notes to 2000 Amendment to Rule 26(b)(1). To the extent that Murata suggests that the Federal Rules of Civil Procedure permit discovery on unasserted claims, it is inconsistent with the Advisory Committee Notes to the 2000 amendment to Rule 26(b)(1) and does not control the decision in this case.

## CONCLUSION

For these reasons, Plaintiff American Roller's Motion for Protective Order Barring Discovery Related to the Transaction and Settlement Involving Pillar Industries and CM Acquisitions [57-1] is granted.

**E N T E R:**

*Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated: May 16, 2006**